IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC,<br><br>  Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>  Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Technology Innovations Associates, LLC ("Technology Innovations") alleges the following for its complaint against Defendant Google, Inc. ("Google").

## THE PARTIES

1. Plaintiff Technology Innovations is a limited liability company formed under the laws of the state of Delaware having its principal place of business at 21301 S. Tamiami Trail, #320 MS 337, Estero, FL 33928.

2. Defendant Google, Inc. is a corporation organized under the laws of Delaware with a principal office at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  Google may be served with process via its registered agent The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This is a patent infringement action.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

4. The Court has personal jurisdiction over Defendant because it is incorporated under Delaware law and has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by offering products for sale via the internet, which are accessible to and accessed by residents of this District, and by selling its products to retailers who offer to sell and sell those products in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and §1400(b), because Defendant in incorporated in this District, conducts business in this District and substantial acts of infringement have occurred in this District.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,840,619

6. On November 23, 2010, U.S. Patent No. 7,840,619 (the "'619 Patent") entitled "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '619 Patent is attached as Exhibit A hereto.

7. Plaintiff Technology Innovations is the sole and exclusive licensee of the '619 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '619 Patent.  Technology Innovations also has the right to recover all damages for past, present, and future infringement of the '619 Patent and to seek injunctive relief as appropriate under the law.

8. Defendant has infringed and continues to directly infringe the '619 Patent by manufacturing, selling, offering for sale, and/or importing products running the Android operating system that come with pre-installed applications including, for example, at least one of Gmail, Contacts, and Calendar, that utilize a hierarchical data viewing system or group structure that enables a user to more easily remain oriented to the level of a list he/she is viewing while

scrolling through items in that list.  Accused products include at least the following smart phones, tablets, and/or devices: Nexus 4, Nexus 7, Nexus 10 and Galaxy Nexus.  Such products are covered by one or more claims of the '619 Patent, including but not limited to Claim 1.

9. Defendant's acts of manufacturing, selling, offering to sell, and/or importing the products into the United States are without the permission of Technology Innovations and constitute infringement under 35 U.S.C. §271 for which Google is liable.

10. As a result of Google's infringement, Plaintiff Technology Innovations has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,280,932

11. On October 2, 2012, U.S. Patent No. 8,280,932 (the "'932 Patent") entitled "Computer System for Automatic Organization, Indexing and Viewing Multiple Objects From Multiple Sources" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '932 Patent is attached as Exhibit B hereto.

12. Plaintiff Technology Innovations is the sole and exclusive licensee of the '932 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '932 Patent.  Technology Innovations also has the right to recover all damages for past, present, and future infringement of the '932 Patent and to seek injunctive relief as appropriate under the law.

13. Defendant has infringed and continues to directly infringe the '932 Patent by manufacturing, selling, offering for sale, and/or importing products running the Android operating system that come with pre-installed applications including, for example, at least one of Gmail, Contacts, and Calendar, that utilize a hierarchical data viewing system or group structure

that enables a user to more easily remain oriented to the level of a list he/she is viewing while scrolling through items in that list.  Accused products include at least the following smart phones, tablets, and/or devices: Nexus 4, Nexus 7, Nexus 10 and Galaxy Nexus.  Such products are covered by one or more claims of the '932 Patent, including but not limited to Claim 1.

14. Defendant's acts of manufacturing, selling, offering to sell, and/or importing the products into the United States are without the permission of Technology Innovations and constitute infringement under 35 U.S.C. §271 for which Google is liable.

15. As a result of Google's infringement, Plaintiff Technology Innovations has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

- Enter judgment that Google has infringed, either literally or by equivalents, the '619 Patent and the '932 Patent;

- Award Plaintiff damages for Google's infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

- Award any other relief deemed just and proper.

| | |
|---|---|
| March 4, 2013 | BAYARD, P.A. |
| Of Counsel: | /s/ Stephen B. Brauerman (sb4952)<br>Richard D. Kirk (rk0922) |
| Paul V. Storm<br>Sarah M. Paxson<br>GARDERE WYNNE SEWELL LLP<br>1601 Elm Street, Suite 3000<br>Dallas, Texas 75201<br>(214) 999-3000<br>pvstorm@gardere.com<br>spaxson@gardere.com | Stephen B. Brauerman (sb4952)<br>Vanessa R. Tiradentes (vt5398)<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com |
| | **ATTORNEYS FOR PLAINTIFF** |