**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC, <br><br>              Plaintiff, <br><br>         v. <br><br> HTC CORPORATION, ET AL. <br><br>              Defendants. | C.A. No. 13-348-LPS <br><br> **JURY TRIAL DEMANDED** |
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC, <br><br>              Plaintiff, <br><br>         v. <br><br> HUAWEI DEVICE USA INC., <br><br>              Defendant. | C.A. No. 13-349-LPS <br><br> **JURY TRIAL DEMANDED** |
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC, <br><br>              Plaintiff, <br><br>         v. <br><br> KYOCERA COMMUNICATIONS, INC. <br><br>              Defendant. | C.A. No. 13-350-LPS <br><br> **JURY TRIAL DEMANDED** |
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC, <br><br>              Plaintiff, <br><br>         v. <br><br> LG ELECTRONICS INC., ET AL., <br><br>              Defendants. | C.A. No. 13-351-LPS <br><br> **JURY TRIAL DEMANDED** |
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC, <br><br>              Plaintiff, <br><br>         v. <br><br> PANTECH CORP, ET AL., <br><br>              Defendants. | C.A. No. 13-352-LPS <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC, <br><br>       Plaintiff, <br><br>    v. <br><br> GOOGLE INC., <br><br>       Defendant. | C.A. No. 13-355-LPS <br><br> **JURY TRIAL DEMANDED** |
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC, <br><br>       Plaintiff, <br><br>    v. <br><br> SAMSUNG ELECTRONICS CO. LTD, ET. AL. <br><br>       Defendants. | C.A. No. 13-356-LPS <br><br> **JURY TRIAL DEMANDED** |

## **PROPOSED SCHEDULING ORDER**

This ____ day of _____ , 2014, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty (30) days of the date of this Order. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery).

**Plaintiff's Proposal:** Plaintiff proposes that the terms of the Default Standard be incorporated herein by reference unless contradicted by the express provisions below.

**Defendants' Proposal**: Defendants oppose entry of the Default Standard and believe that modifications to that are appropriate in the circumstances of this case. In an effort to avoid many competing proposals, the Defendants in each case are working to propose a single, modified order and will do so promptly.

    2.    <u>Initial Discovery in Patent Litigation.</u>

    a.    Within 30 days after entry of this Order and for each defendant, the plaintiff shall specifically identify the accused products (including any accused methods and systems), the accused functionality, and the asserted patent(s) the products allegedly infringe, and produce the file history for each asserted patent.

**Defendants' Proposal:** With the identification of the accused products, Plaintiff shall provide screen shots showing the alleged infringing functionality for each accused product/functionality. Defendants believe that given the nature of patents-in-suit and the applications mentioned in the Complaint, screen shots are the only effective way for defendants to know which core technical documents to produce.

**Plaintiff's Response:** Defendants effectively seek to accelerate Plaintiff's infringement contentions to occur prior to disclosure of technical information by Defendants. Plaintiff is willing to provide screen shots as appropriate to support its infringement contentions under paragraph 2(c) below.

    b.    Within 45 days after receipt of the above, each defendant shall produce to the plaintiff the core technical documents related to the accused functionality of the accused product(s), including but not limited to operation manuals, product literature, schematics, and specification.

   c. Within 60 days after receipt of the above, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes, which shall assert no more than ten claims from each patent and not more than a total of 32 claims.

   d. Within 60 days after receipt of the above, each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

   e. **Plaintiff's Proposal:** Defendants collectively shall assert no more than twelve prior art references against each patent and not more than a total of 40 references. This is based on the Federal Circuit Advisory Council Model Order on Excess Patent Claims which sets forth limits on the number of claims which can be asserted and limits on the number of prior art references which can be asserted. Defendants proposed that Plaintiffs agree to the limitations set forth in that order and Plaintiffs have done so. Plaintiffs proposed, as part of that agreement, that Defendants agree to the limitations on the assertion of prior art set forth in the same model order. Defendants have refused.

   **Defendants' Proposal:** No limits on prior art are appropriate at this time.

   f. **Defendants' Proposal:** <u>Absent a showing of good cause</u>, follow-up discovery shall be limited to a period after November 23, 2010 except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

   **Plaintiff's Proposal:** <u>Unless otherwise expressly requested</u>, follow-up discovery shall be limited to a period after November 23, 2010 except that discovery related to

asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

3. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings (except for amendments to allege inequitable conduct), shall be filed on or before July 7, 2014.  Any motions to amend the pleadings to allege inequitable conduct shall be filed on or before January 5, 2015.

4. <u>Discovery.</u> Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

**Defendants' Proposal:** The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial.

**Plaintiff's Response:** Plaintiff opposes bifurcation.

a. <u>Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before February 3, 2015.  Expert discovery will be completed within thirty days of the date on which reply expert report(s) are due.

b. <u>Document Production.</u> Document production shall be substantially complete by October 6, 2014.

c. <u>Requests for Admission.</u> Except regarding authentication, a maximum of 50 requests for admission are permitted for Plaintiff and for each Defendant or Defendant Group (*e.g*, Samsung entities collectively).

d. <u>Interrogatories.</u>

i. A maximum of 25 interrogatories, including contention interrogatories, are permitted by Plaintiff to each Defendant.  Defendants collectively are

permitted a maximum of 10 common interrogatories. Each Defendant or Defendant Group is permitted 15 individual interrogatories.

        ii.     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.    <u>Depositions.</u>

        i.     <u>Limitation on Hours for Deposition Discovery.</u>  In each civil action captioned above, Plaintiff and each Defendant or Defendant Group is limited to a total of 35 hours of taking testimony by deposition upon oral examination, exclusive of expert depositions and third party witnesses (other than former employees). No deposition shall be longer than seven hours, except that there will be a single deposition of named inventor(s), which will be taken collectively by Defendants, that may be up to 14 hours each.

        ii.    <u>Location of Depositions.</u>  The parties agree that in this case, the deposition of any witness, including any 30(b)(6) witness, will presumptively take place where the witness resides or at another mutually agreeable location, unless a 30(b)(6) witness resides in a foreign country. Any witness residing in a foreign country who is produced as a 30(b)(6) witness will be produced at the principal place of business of the party to which the 30(b)(6) request is made or at another mutually agreeable location.

  f. <u>Disclosure of Expert Testimony.</u>

    i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before sixty (60) days following the Court's claim construction ruling.

    Responsive/rebuttal expert reports to contradict or rebut evidence on the same matter identified by another party are due on or before ninety (90) days following the Court's claim construction ruling. Reply expert reports from the party with the initial burden of proof are due on or before 120 days following the Court's claim construction. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  g. <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four

(24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s), unless the Court is closed during that hour, in which case a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of the Court opening subsequent to the e-filing.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

   h. <u>Finalizing of Contentions</u> - To the extent any party wishes to modify its infringement or invalidity contentions after the Court's claim construction ruling, that party must show good cause for said modification.  Plaintiff's infringement contentions and Defendants' invalidity contentions shall be finalized and served by no later than the date on which their initial expert reports on those issues are due.

  5. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by February 24, 2014. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

7. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

9. <u>Interim Status Report.</u> On September 15, 2014, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

10. <u>Tutorial Describing the Technology and Matters in Issue.</u> Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should

focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

    11.    <u>Claim Construction Issue Identification.</u>

**Defendants' Proposal:** Construction of the phrase "sticky path portion"/"sticky path display region/portion/area" in conjunction with summary judgment briefing would be helpful in resolving this case in a timely fashion. Combined, the asserted patents include four (4) independent claims, and each independent claim contains the "sticky path" limitation. In addition, the phrase was the subject of much discussion in the prosecution history. Plaintiff has provided screen shots to certain defendants indicating what functionality is alleged to correspond to the claims, and none of that information corresponds to the "sticky paths" of the claims. Moreover, the Android Calendar and Contacts applications mentioned in the Complaint are open-source software, the source code to which has been/is available to anyone in the world with access to the Internet.

Accordingly, 30 days after Plaintiff's identification of the accused products and provision of screen shots showing the alleged infringing functionality, Defendants may move for summary judgment of non-infringement dependent on the construction of the "sticky path" phrase as used in the independent claims. Briefing on such motions shall include the parties' proposed constructions of the phrase as used in the independent claims.

**Plaintiff's Proposal:** Plaintiff is not opposed to an early limited claim construction/summary judgment if Defendants can demonstrate/further explain how such claim construction would be case dispositive and provided that such claim construction and summary judgment occur at an appropriate time. Plaintiff disagrees with Defendants' position that the functionality of the accused products does not satisfy the "sticky path" limitation of the claims. Based on Defendants' other scheduling proposals, Defendants seek early claim construction and summary judgment prior to producing technical documentation about the accused products. Plaintiff objects to this attempt to avoid discovery. If Defendants explain the case-dispositive nature of their proposed claim construction and Plaintiff agrees, Plaintiff would not oppose an early claim construction following Defendants' invalidity contentions.

**Agreed:** If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on August 4, 2014, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on August 25, 2014. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument**.**

12. <u>Claim Construction Briefing.</u> The parties shall contemporaneously submit initial briefs on claim construction issues on September 22, 2014. The parties' answering/responsive

briefs shall be contemporaneously submitted on October 20, 2014. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

13. <u>Hearing on Claim Construction.</u> Beginning at 10:00 am on November 17, 2014, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

14. <u>Final Election of Asserted Claims</u> - Not later than 30 days after the Court issues its Claim Construction Order, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims.

15. **Plaintiff's Proposal:** <u>Final Election of Prior Art</u>. Not later than 14 days after service of a Final Election of Asserted Claims, Defendants collectively shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references. This is based on the Federal Circuit Advisory Council Model Order on Excess Patent Claims which sets forth limits on the number of claims which can be asserted and limits on the number of prior art references which can be asserted. Defendants proposed that Plaintiffs agree to the limitations set forth in that order and Plaintiffs have done so. Plaintiffs proposed, as part of that agreement, that Defendants agree to the

limitations on the assertion of prior art set forth in the same model order.  Defendants have refused.

**Defendants' Proposal:**  No limits on prior art are appropriate at this time.

16.     Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before thirty (30) days after the deadline for completion of expert discovery.  Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each party will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.

17.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18.     Pretrial Conference. On a date to be determined by the Court, the Court will hold a pretrial conference in Court with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before a time to be set later by the Court. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will

advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

19. *Motions in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests per case, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20. *Jury Instructions, Voir Dire, and Special Verdict Forms.* Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

21. *Trial.* The first trial in these matters will be scheduled for a date and time to be set by the Court in the future, with each trial day beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial

will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

                                               _____
                                               UNITED STATES DISTRICT JUDGE