

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
**www.potteranderson.com**

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302 658-1192  Fax

May 12, 2014

**VIA ELECTRONIC-FILING**

The Honorable Leonard P. Stark
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

> **Re:** ***Technology Innovations Associates LLC v. Google Inc., C.A. No. 13-355-LPS;***
> ***Technology Innovations Associates LLC v. Samsung Electronics Co., Ltd., et al.,***
> **C.A. No. 13-356-LPS**

Dear Judge Stark:

Pursuant to the Court's Order Regarding Process for Early Claim Construction (C.A. No. 13-355, D.I. 27; C.A. No. 13-356, D.I. 29), Defendants Google Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Defendants") hereby set forth their positions on:

(1)     whether Defendants' proposed construction of the "sticky path" claim terms in the patents-in-suit would be case dispositive; and

(2)     whether the Court should proceed immediately with early claim construction of the "sticky path" terms even if the Court were to find that Defendants' proposed construction is not case-dispositive.

For the reasons stated below, Defendants respectfully submit that under both Defendants and Plaintiff's proposed constructions, there is no triable issue of fact that Defendants do not infringe the patents-in-suit.  Additionally, even if the claim constructions were not case dispositive, Defendants respectfully submit that the Court should still proceed with early claim construction of this single claim term because it is central to the alleged invention and the Court's construction would (1) narrow alleged infringement issues while simultaneously acting as a guide with respect to invalidity and (2) facilitate possible settlement discussions.

Counsel for Defendants attempted to meet and confer with counsel for Plaintiff Technologies Innovations Associates LLC ("TIA") multiple times prior to the submission of this letter to determine TIA's basis for contending that Defendants' accused products would infringe the patents-in-suit under Defendants' proposed constructions.  However, TIA's counsel, Mr. Storm, refused to meet and confer with Defendants to narrow the issues in dispute.

The Honorable Leonard P. Stark
May 12, 2014
Page 2

## I.      Overview of TIA's Allegations and the Patents-in-Suit

TIA alleges that Defendants' products, including smartphones and tablets running the Android and/or Windows Phone operating systems, infringe U.S. Patent Nos. 8,280,932 ("the '932 patent") and 7,840,619 ("the '619 patent") (collectively, the "patents-in-suit" or "patents"). In particular, TIA alleges infringement by certain features in the Contacts, Calendar and Gmail applications in Android (C.A. No. 13-cv-355, D.I. 1 ¶¶ 8, 13; C.A. No. 13-cv-356, D.I. 1 ¶¶ 10, 15) and the Calendar and People applications in Windows Phone.  (C.A. No. 13-cv-356, D.I. 1 ¶¶ 11, 16.)

Both patents-in-suit are entitled "Computer System for Automatic Organization, Indexing, and Viewing Multiple Objects from Multiple Sources" and share nearly identical specifications.  The patents disclose a data processing system that, among other things, addresses alleged problems associated with viewing objects and their hierarchical containers in a "list view," *i.e.*, when objects and their containers are organized in a traditional tree-type format such that the containers may be expanded or collapsed to show or hide the contents of the containers. ('619 patent at 14:42-49; '932 patent at 14:42-59.)  According to the patentee, in such a list view, "it is easy to lose one's place when scrolling through a hierarchical list of containers.  When the user is looking at an item in the list, how does the user know what that item's container is if it has scrolled off the top?  The hierarchical path is easily forgotten."  ('619 patent at 14:50-54; '932 patent at 14:50-54.)

To address this alleged problem, the patents disclose and claim a "sticky path" functionality that is described in the patents as follows:

> The unique sticky path view functionality of [the system], shown in FIGS. 12a and 12b, displays hierarchies in list format, while also maintaining a current-path view at the top of the window (1201) that keeps the user oriented as to location in the hierarchy (on the path) as scrolling occurs.  In this way the user always knows what the path is to the items and where the items (or, conversely, the user) are in the hierarchy.  As the user scrolls through the list, [the system] maintains a Sticky Path Pane at the top of the window that always displays the path to the topmost item in the list (1202, 1204, 1206), updating dynamically. When the path changes (branches) due to scrolling, the sticky path redraws to correctly identify the new current path. Only the bottom part of the window (1203, 1205, 1207) scrolls while the path is updated as required. Each branch successively "sticks" in a multi-line window at the top of the scroll window.

('619 patent at 14:55-15:3; '932 patent at 14:55-15:3.)  As discussed in the last sentence of this passage, each "branch" is displayed in a "multi-line window" (*i.e.*, the sticky path) above the scrollable window.  A portion of Figure 12b is reproduced below with annotations to help illustrate the "sticky path" functionality of the alleged invention.

The Honorable Leonard P. Stark
May 12, 2014
Page 3



The "sticky path" described and illustrated above is claimed in every independent claim of the '932 patent and in the sole claim in the '619 patent. Thus, if the Court were to find that Defendants' products do not practice the "sticky path" claim limitations of the patents-in-suit, the Court can dismiss these cases on the merits.

## II.     Plaintiff and Defendants' Proposed Constructions Are Case Dispositive

Consistent with the descriptions in the patents-in-suit of the "sticky path" functionality, Defendants propose that "sticky path" means "a multi-line area, separate from a scrollable area, that dynamically expands and collapses to always display the hierarchical path to the top item in the scrollable area."[1]  In the specification and file history, expanding and collapsing of the "sticky path" and scrollable areas are also referred to as "resizing." ('619 patent at 32:33-33:8;'932 patent at 32:25-65.)  Furthermore, to the extent that the word "path" needs construction, Defendants propose that it means "the name of the object itself, prefixed by the names of the nested containers in which the object exists in outermost order," which is an explicit definition provided in the specification of patents-in-suit. *Plaintiff's* construction, too,

---

[1] Attached as Exhibit 1 is Defendants' Joint Proposed Constructions served April 14, 2014, which contains Defendants' proposed constructions for all of the related "sticky path" phrases and intrinsic support for Defendants' proposals.  Attached as Exhibit 2 is Plaintiff's Proposed Constructions served May 5, 2014.

The Honorable Leonard P. Stark
May 12, 2014
Page 4

requires a path, defining sticky path as "an area, separate from a scrollable area, that dynamically updates to display the path to the topmost item in the scrollable area."

Defendants respectfully submit that none of their products infringe the "sticky path" claim limitation. None of the screen shots of Defendants' accused products provided by TIA—which TIA has stated are representative of its infringement allegations in this case[2]—show any functionality satisfying the "sticky path" claim limitation. Taking the Calendar application in the accused Android devices as an example, TIA provided Google with the following series of four screen shots that depict the user interface when a user scrolls through his or her calendar.



Because TIA has refused to meet and confer with Defendants regarding TIA's basis for contending that Defendants' accused products infringe the patents-in-suit under Defendants' proposed constructions, Defendants can only speculate as to what TIA contends corresponds to a "sticky path" in the accused products and how the products meet that claim limitation. Based on the red boxes drawn by TIA in the above screen shots, it appears that TIA contends that the section near the top of the screen colored in gray (showing "January 3, 2013" in the three screen shots from the left and "January 4, 2013" in the rightmost screen shot) is the "sticky path" area, and that the area below that section is the scrollable area. If so, then both parties' proposed constructions are dispositive.

First, of course, a date is not a "path," and both parties' constructions require that the "sticky path" include a path. As discussed above, to the extent "path" needs construction, the patents provide the following explicit definition: "The path to an object is defined as the name of the object itself, prefixed by the names of the nested containers in which the object exists in outermost order." ('619 patent at 32:19-24; '932 patent at 32:10-16.) Second, the top gray area displaying January 3 or 4 is a fixed size and never expands or collapses or otherwise changes size, as Defendants' construction requires. Third, assuming that a date can be considered a portion, or all, of a "path," then the top gray area is a single "line" of that path and is not "multi-line," as required under Defendants' construction. Fourth, to the extent TIA is arguing that the "January 4" date somehow becomes an additional line in the alleged "sticky path" area when

---

[2] *See, e.g.,* C.A. No. 13-cv-355, D.I. 20 at p. 2; C.A. No. 13-cv-356, D.I. 21 at p. 2.

The Honorable Leonard P. Stark
May 12, 2014
Page 5

"January 4" scrolls near the top, that argument fails because "January 4" is part of the "scrollable area" (*see, e.g.*, the first through third screen shots, where "January 4" scrolls progressively upwards), presumably under all proposed constructions.[3]  The proposed constructions of both Plaintiff and Defendants acknowledge that the "sticky path" area is "separate" from the "scrollable area."  Thus, even when "January 4" is close to "January 3" in the third screen shot, "January 4" is still part of the "scrollable area" and is not part of the "sticky path" area.  Finally, even if all of the above were put aside and "January 3" and "January 4" were considered part of the same area, that area is not the "hierarchical path to the top item in the scrollable area."  That is, if some small portion[4] of a calendar event of January 3 is the top of item in the "scrollable area," then January 4 is not part of the "path" (or the "hierarchical path") to that event, regardless of which parties' constructions were applied.  Alternatively, if some calendar event of January 4 is the top item in the "scrollable area," "January 3" is not part of the "path" (or the "hierarchical path") to that item.  Indeed, "January 3" or "January 4" is not the "path" to any item.

TIA appears to make similar allegations with respect to Contacts and Gmail in Android and Calendar and People in Windows Phone.  (*See* Exs. 3 and 4.)  Accordingly, for the reasons discussed above, if adopted, Defendants' proposed construction of "sticky path" would be dispositive because no reasonable trier of fact could find infringement under that construction.

### III. The Court Should Conduct Early Claim Construction Even If the Court Does Not Find that Either Side's Proposed Claim Construction is Case Dispositive

Even if the Court does not find that either side's proposed construction of "sticky path" is case dispositive, the Court should still proceed with early claim construction of that term.  As the Court is well aware, the "sticky path" limitation is present in every claim of the two patents-in-suit and is clearly central to the alleged invention.  Construing this term would allow all parties to know the scope of potential alleged infringement, which may both guide the conduct of the case (*e.g.*, discovery and expert reports) and facilitate settlement.  For example, if the Court adopts Defendants' proposed construction but concludes that an issue of fact would preclude granting summary judgment, that decision may guide the scope of discovery and the case schedule and may also facilitate settlement.  In addition, the Court's construction would guide the prior art invalidity inquiry, thereby promoting efficiency and reducing expense for all parties.  Thus, the Court's construction of the "sticky path" limitation at this time would facilitate the just, speedy and inexpensive determination of this action.[5]

---

[3] In the event that this scrolling is not readily discernable from TIA's screen shots, Defendants are prepared to submit a video showing such scrolling in the Calendar application of an Android tablet device if the Court desires.  In addition, if the Court wishes to see the "sticky path" of the alleged invention, during prosecution, TIA submitted a video showing its operation and Defendants are also prepared to submit that video for the Court's convenience.

[4] As shown in the third screen shot, some small portion of a calendar event of January 3 must still be displayed before the "January 4" box, which is why the top gray portion still displays the January 3 date.

[5] Defendants suggest an abbreviated claim construction procedure where each side simultaneously submits a 10-page opening brief and a 5-page responsive brief two-weeks later.

The Honorable Leonard P. Stark
May 12, 2014
Page 6

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM/mah/1152293/40055

Enclosure

cc:     Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)